**In re Alexis M. HERMAN.**

Division No. 98–2.

United States Court of Appeals,
District of Columbia Circuit.

Division for the Purpose of Appointing
Independent Counsels
Ethics in Government Act of 1978,
as Amended.

May 26, 1998.

**Attorney General** ☞9

Where Attorney General made a determination that an independent counsel was to be appointed, and filed an application for the appointment that was not facially deficient, her determination that preliminary investigation provided reasonable grounds for appointment was not reviewable. 28 U.S.C.A. § 592(c)(1)(A).

---

Before: SENTELLE, Presiding Judge, BUTZNER and FAY, Senior Circuit Judges.

### ORDER

Upon consideration of the Motion of Secretary of Labor Alexis M. Herman for an Order Declining the Appointment of an Independent Counsel, filed under seal on May 18, 1998, it is

**ORDERED** that the Motion is denied for the reasons set forth in the accompanying opinion. It is

**FURTHER ORDERED** that the Motion is hereby unsealed.

Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended.

Opinion for the Special Court filed PER CURIAM.

## ON MOTION TO DECLINE APPOINT-
## MENT OF INDEPENDENT
## COUNSEL

PER CURIAM:

This court was notified by the Attorney General on December 10, 1997, that she had commenced a preliminary investigation, pursuant to § 592(a)(1) of the Independent Counsel Reauthorization Act of 1994, 28 U.S.C. § 591 *et seq.* (1994) ("the Act"), following allegations received by the Department of Justice concerning Secretary of Labor Alexis M. Herman. On May 11, 1998, at the end of the preliminary investigation, and pursuant to § 592(c)(1) of the Act, the Attorney General, believing that further investigation was warranted, submitted an application to this court seeking the appointment of an independent counsel. In her application, the Attorney General described in detail both the information received by the Department of Justice that led to the initiation of the preliminary investigation as well as the results of that investigation.

On May 18, 1998, Secretary Herman filed with this court, under seal, a motion seeking an order declining the appointment of an independent counsel. Relying on *In re Meese,* 907 F.2d 1192 (D.C.Cir. 1990), Secretary Herman asserts that the Attorney General's application does not satisfy the requirements of § 592(c)(1)(A), which states that the Attorney General shall apply for the appointment of an independent counsel if, after the completion of a preliminary investigation, she "determines that there are reasonable grounds to believe that further investigation is warranted." In essence, Secretary Herman argues that the conclusions of the preliminary investigation, as set forth in the application, do not support a determination of "reasonable grounds." Therefore, she argues, "the application is invalid, the statute is not properly invoked, and this Court may not appoint an independent counsel."

We find § 592(f) of the Act to be controlling. That section provides:

The Attorney General's determination under this chapter to apply to the division of the court for the appointment of an inde-

pendent counsel shall not be reviewable in any court.

Under this section the Attorney General's determination to apply for the appointment of an independent counsel, which is made under § 592(c)(1)(A), is not reviewable in this (or any other) court. While acknowledging § 592(f), Secretary Herman states that she is not seeking "review" by the court of the Attorney General's determination, but rather a determination that the Attorney General has not complied with § 592(c)(1)(A). We will not adopt this distinction. We conclude that, however styled, Secretary Herman *is* seeking the review that we are forbidden by § 592(f) to grant.

We are not confronted in this case with a situation in which the application by the Attorney General is so facially deficient that we are arguably deprived of jurisdiction to appoint an independent counsel. Such a situation may arise, for example, if the application did not pertain to a covered person as required by § 591 of the Act, or if the application contained no allegations of any violation of criminal law. Here, the Attorney General has made a determination that an independent counsel is to be appointed, she has filed an application for the appointment that is not facially deficient, and her determination is not reviewable pursuant to § 592(f). Consequently, we are bound by the Act to appoint an independent counsel in this matter.

Accordingly, the motion of Secretary Herman is

*Denied.*